UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DFND SECURITY, INC., <br><br>Plaintiff, <br><br>v. <br><br>CROWDSTRIKE, INC., et al., <br><br>Defendants. | Case No. 22-cv-04542-AMO <br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO SEAL** <br><br>Re: Dkt. Nos. 46, 51 |

Before the Court are two administrative motions to seal documents and exhibits: DFND Security, Inc.'s Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF 46) and CrowdStrike, Inc.'s Unopposed Administrative Motion to File Under Seal (ECF 51). The Court, having carefully considered the submissions, the record, the applicable law, and any arguments related thereto, hereby orders that the motions are **GRANTED** in part and **DENIED** in part.

**A.  Legal Standard**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.' " *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102-03 (9th Cir. 2016).

To overcome the strong presumption in favor of access, the party seeking to seal judicial records must "articulate [] compelling reasons supported by specific factual findings . . . that

1  outweigh the general history of access and the public policies favoring disclosure, such as the
2  public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (internal
3  quotations and citations omitted).  The party must make a "particularized showing" that "specific
4  prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v.*
5  *Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

6        Although a lower "good cause" standard applies to filings that are only "tangentially
7  related" to the merits, *Ctr. for Auto Safety*, 809 F.3d at 1097, the default compelling reasons
8  standard applies to motions to dismiss because such motions are inherently central to the merits of
9  a case.  *See FibroGen, Inc. v. Hangzhou Andao Pharm. Ltd.*, No. 3:22-CV-07148-AMO, 2023 WL
10 6237986, at *1 (N.D. Cal. Sept. 22, 2023) (applying compelling reasons standard for motion to
11 dismiss); *Santelices v. Apttus Corp.*, No. 19-cv-07414-HSG, 2020 WL 5870509, at *4 (N.D. Cal.
12 Oct. 2, 2020) (same).

13       In addition, pursuant to Civil Local Rule 79-5, the party seeking to file a document or
14 portions of it under seal must explain "(i) the legitimate private or public interests that warrant
15 sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative
16 to sealing is not sufficient."  Civil L.R. 79-5(c)(1).  The proposed order must be "narrowly tailored
17 to seal only the sealable material."  *Id.* at 79-5(c)(3).

18 **B. Discussion**

19       DFND Security, Inc. ("DFND") filed an administrative sealing motion in conjunction with
20 exhibits attached to its supplemental jurisdiction briefing, seeking to seal information designated
21 as confidential or highly confidential by CrowdStrike, Inc. ("CrowdStrike").  ECF 46.
22 CrowdStrike filed a statement in support of sealing, arguing that three exhibits should be sealed
23 entirely and two in part because they reference "sensitive non-public information about
24 CrowdStrike's corporate structure and the nature of [] private board discussions[.]"  ECF 49 at 2-
25 3.  CrowdStrike moves the Court to strike DFND's publicly filed supplemental brief regarding
26 jurisdiction and file a version redacting the confidential information from the sealed exhibits.  *Id.*
27 at 3.

28       CrowdStrike also filed an administrative motion to seal in part three exhibits filed in

United States District Court
Northern District of California

support of CrowdStrike's supplemental brief in support of the motion to dismiss.  ECF 51.  These exhibits contain excerpts of deposition testimony, which CrowdStrike argues reference sensitive non-public information about "the nature of private board discussions[.]"  ECF 51 at 2-3.  DFND does not object to either motion.  ECF 50; Plunkett Decl. (ECF 51-1) ¶ 7.

"Compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances."  *Bold Lmtd. v. Rocket Resume, Inc.*, No. 22-CV-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024) (citing cases); *see, e.g.*, *Unlockd Media, Inc. Liquidation Tr. v. Google LLC*, No. 21-CV-07250-HSG, 2022 WL 4624985, at *2 (N.D. Cal. Sept. 30, 2022) (finding compelling reasons to seal non-public information related to a company's business model); *Newmark Realty Cap., Inc. v. BGC Partners, Inc.*, No. 16-CV-01702-BLF, 2018 WL 10701600, at *2 (N.D. Cal. Aug. 31, 2018) (sealing confidential information related to Defendants' "business and internal discussions about business strategy" as disclosure would cause "competitive harm").  Further, "[i]f publicly disclosing that information would harm a designating party's competitive standing and divulge terms of confidential contracts or contract negotiations, compelling reasons may exist to seal that information."  *DeMartini v. Microsoft Corp.*, No. 22-CV-08991-JSC, 2023 WL 4205770, at *2 (N.D. Cal. June 26, 2023) (citing *FTC v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019)).

The Court finds that CrowdStrike has articulated compelling reasons to seal the proposed redactions.  The Court's rulings on the sealing requests are set forth in the table below.

| Document or Portion of Document Sought to be Sealed | Ruling | Reason |
|---|---|---|
| Ex. C-1 to Thomas Declaration | **GRANTED.** | Confidential business information about CrowdStrike's corporate structure from private board meeting of parent company CrowdStrike Holdings's Inc. ("CHI"), which is not a party to this action.  Disclosure would give competitors insight into matters CrowdStrike is focused on.  *See* |

| | | |
|---|---|---|
| | | Plunkett Decl. (ECF 49-1) ¶¶ 2, 5-6. |
| Ex. C-2 to Thomas Decl. | **GRANTED.** | Confidential business information from CHI board meeting. Disclosure would give competitors insight into confidential matters. *See* Plunkett Decl. ¶¶ 2, 5-6. |
| Ex. C-3 to Thomas Decl. | **GRANTED.** | Confidential business information. Disclosure of CrowdStrike's organizational charts and reporting structure would give competitors insight into CrowdStrike operations. *See* Plunkett Decl. ¶ 8. |
| Ex. F-1 to Thomas Decl. at 43:15-44:14 | **GRANTED.** | Confidential business information discussing nonpublic documents, specifically Board Minutes and organizational charts. *See* Plunkett Decl. ¶ 9. |
| Ex. F-2 to Thomas Decl. at 122-125, 130-33 | **GRANTED** | Confidential business information discussing nonpublic documents, specifically Board Minutes and organizational charts. *See* Plunkett Decl. ¶ 9. |
| Ex. G to Thomas Decl. at Pages 30-33 | **GRANTED**. | Confidential business information discussing nonpublic documents, specifically Board Minutes and organizational charts. *See* Plunkett Decl. ¶ 9. |
| Strike Supplemental Brief and Order DFND to file redacted version (*see* Ex. E (ECF 49-6)) | **GRANTED**. | Confidential business information redacted in Exs. C-1, C-2, C-3, F-1, F-2, and G. *See* Plunkett Decl. ¶ 10. |
| Ex. A to Plunkett Decl. at Page 130 lines 7-25 Page 131 lines 1-25 Page 144 lines 1-25 Page 156 lines 1-25 Page 157 lines 1-25 Page 159 lines 1-25 | **GRANTED**. | Confidential business information. Disclosing testimony discussing internal matters voted on by the CHI Board would cause competitive harm. *See* Plunkett Decl. (ECF 51-1) ¶¶ 4-6. |
| Ex. B to Plunkett Decl. at Page 52 lines 1-25 | **GRANTED**. | Confidential business information. Disclosing testimony discussing internal matters voted on by the |

| | | Board would cause competitive harm. *See* Plunkett Decl. (ECF 51-1) ¶¶ 4-6. |
|---|---|---|
| Ex. C to Plunkett Decl. at Page 128 lines 7-25 Page 146 lines 1-25 Page 147 lines 1-25 | **GRANTED**. | Confidential business information – testimony discussing internal matters voted on by the Board. *See* Plunkett Decl. (ECF 51-1) ¶¶ 4-6. |

DFND moved to file Exhibits D and E to its supplemental brief under seal as CrowdStrike designated the documents as confidential. ECF 46 at 2. CrowdStrike does not request that Exhibits D and E remain under seal. ECF 49 at 2, 7. Accordingly, the Court denies the motion to seal those exhibits.

## CONCLUSION

Documents filed under seal as to which the administrative motions are granted will remain under seal. *See* Civ. L. R. 79-5(g)(1). Accordingly, this Court **ORDERS** Plaintiff to refile a redacted version of the supplemental brief, ECF 47, and redacted versions of Exs. F-1 and F-2 (ECF 46-4), and Ex. G (ECF 46-5). *See* Civ. L. R. 79-5(e)(2). The Court further **ORDERS** Plaintiff to refile unredacted versions of Ex. D (ECF 46-2) and Ex. E (ECF 46-3). Plaintiff **SHALL** refile these documents by **April 12, 2024**.

**IT IS SO ORDERED.**

Dated: March 29, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**